IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| MICHAEL TONEY | § | |
| v. | § | CIVIL ACTION NO. 9:04cv224 |
| DOUGLAS DRETKE, ET AL. | § | |

MEMORANDUM OPINION AND PARTIAL ORDER OF DISMISSAL

The Plaintiff Michael Toney, a Death Row inmate currently confined in the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The parties have consented to allow the undersigned United States Magistrate Judge to enter final judgment in this proceeding. 28 U.S.C. §636(c). As defendants in his lawsuit, Toney named Richard McKee, the law library supervisor at the Polunsky Unit; John Patrick, the TDCJ-CID Access to Courts supervisor; Warden Alford of the Polunsky Unit; and two Polunsky Unit officers, Major Nelson and Captain Wickersham. He originally named the Director of TDCJ-CID, Douglas Dretke, but later filed a motion asking that Dretke be dismissed and Patrick substituted in his place, which motion was granted on January 5, 2005.

An evidentiary hearing was conducted pursuant to Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985) on June 30, 2005. At this hearing, Toney testified that significant amounts of legal materials have been confiscated from him, even though he says that these confiscations were not allowed under prison policy. He said that matters pertinent to his pending federal habeas corpus petition challenging his condition were taken, as well as grievances pertinent to a civil lawsuit which he intended to file concerning alleged indifference to his health with respect to his diet.

Toney expressly stated that the hearing that he was seeking only injunctive relief. This comports with his original complaint, which requests a temporary restraining order, a preliminary

1

injunction, and "injunctive relief," presumably meaning a permanent injunction regarding future conduct. In a letter to the Court dated April 6, 2005, Toney specified what he was asking for in this lawsuit, as follows: (1) that "harassment regarding legal materials" cease; (2) that he receive two closable legal material storage boxes; (3) that prison officials adhere to the definition of "legal materials" set out in TDCJ-CID Administrative Directive 03.72; (4) that he be allowed to pursue his lawsuit regarding soy allergies without harassment; (5) that prison officials stop releasing personal medical information without his consent; and (6) that he receive unrestricted access to postage.

In cases seeking injunctive relief alone, persons without the power to grant the requested relief are not proper parties. *See generally* Volk v. Gonzalez, slip op. no. 97-51032 (5th Cir., January 4, 2000) (unpublished) (district court improperly granted injunctive relief where neither defendant had the power to effectuate the court's decrees); *cf.* Luckey v. Harris, 860 F.2d 1012, 1015 (11th Cir. 1988). A review of the persons sued in this lawsuit shows that Richard McKee, Captain Nelson, and Major Wickersham are not proper party defendants in this action, and that conversely, John Patrick and Warden Alford have the power to effectuate the Court's decrees should the Court grant Toney the relief which he seeks. It is accordingly

ORDERED that Richard McKee, Captain Nelson, and Major Wickersham are DISMISSED from this lawsuit with prejudice. The dismissal of these parties shall not serve to dismiss any of the Plaintiff's specific claims for injunctive relief, nor shall it count as a strike for purposes of 28 U.S.C. §1915(g).

So **ORDERED** and **SIGNED** this  5    day of  **July, 2005.**

							_____
							JUDITH K. GUTHRIE
							UNITED STATES MAGISTRATE JUDGE