IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| MICHAEL TONEY #999314 | § | |
| v. | § | CIVIL ACTION NO. 9:04cv224 |
| TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION | § | |

MEMORANDUM OPINION AND ORDER OF DISMISSAL

The Plaintiff Michael Toney, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The parties have consented to allow the undersigned United States Magistrate Judge to enter final judgment in this proceeding. 28 U.S.C. §636(c).

An evidentiary hearing was conducted pursuant to Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985) on June 30, 2005. At the hearing, Toney complained about confiscations of legal material and expressly stated that he was seeking only injunctive relief. The Court ordered the Defendants Warden Alford and John Patrick to answer the lawsuit.

On July 11, 2005, before these answers were filed, Toney filed a motion for leave to amend his complaint. In his motion to amend, Toney states as follows: "Since the filing of the original complaint and amendment, plaintiff has determined that it is more appropriate to only name the Texas Department of Criminal Justice, Institutional Division as a defendant because he only seeks injunctive relief."[1] This motion for leave to amend has been granted.

---

[1] The Institutional Division of TDCJ has been renamed as the Correctional Institutions Division.

Toney also filed another motion for leave to amend his complaint, on September 1, 2005. In this motion, Toney says that he wishes to add claims to the effect that the seizure of his legal materials was the direct result of orders from the medical staff. He does not ask for any additional relief beyond the injunctive relief that he said that he wanted, nor does he name any individuals whom he wants to name as Defendants in addition to TDCJ-CID. This motion is more in the nature of a request to supplement his complaint, and as such, has also been granted.

Legal Standards and Analysis

The Correctional Institutions Division is a sub-set of the Texas Department of Criminal Justice, which is an agency of the State of Texas. Consequently, this lawsuit is in effect one against the State of Texas. *See* Ruiz v. Estelle, 679 F.2d 1115, 1137 (5th Cir. 1982) (permitting action for injunctive relief against board members of the Texas Board of Corrections in their official capacity, but denying action against Board itself). A lawsuit against a state agency is barred by the doctrine of sovereign immunity; the Supreme Court has held that in such a case, when the State itself is the real party in interest named as Defendant, the lawsuit is barred regardless of whether it seeks damages or injunctive relief. Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 101-02 (1984); *accord*, Hafer v. Melo, 112 S.Ct. 358, 363 (1991).

In Kentucky v. Graham, 473 U.S. 159 (1985), the Supreme Court stated that while local governmental units could be sued in their own name for damages or equitable relief, a State may not be sued directly in its own name regardless of the relief. Kentucky v. Graham, 473 U.S. at 167 n.14; Amendment XI, *United States Constitution*. This lawsuit, however, was filed directly against[2] the state agency itself. This is the same as a lawsuit against the State in its own name, which is barred by the doctrine of sovereign immunity. *See* Alabama v. Pugh, 438 U.S. 781 (1978) (per curiam); Delahoussaye v. City of New Iberia, 937 F.2d 144, 146 (5th Cir. 1991). Toney's lawsuit, naming as

---

[2]"It is inherent in the nature of sovereignty, not to be amenable to the suit of an individual *without its consent*. This is the general sense and the general practice of mankind; and the exemption, as one of the attributes of sovereignty, is now enjoyed by the government of every state in the union." Alexander Hamilton, *The Federalist* (no. 81), May 28, 1788.

it does only the Texas Department of Criminal Justice, Correctional Institutions Division, as a defendant, is barred by the doctrine of sovereign immunity and should be dismissed. The amended complaint filed September 1, 2005, does not change this because it merely adds claims, and does not alter either the sole named defendant in the lawsuit nor the nature of the relief sought.

In <u>Cain v. Cockrell</u>, slip op. no. 04-40848 (5th Cir., Feb. 23, 2005) (unpublished), the plaintiff amended his complaint to reflect that his sole claim was against the Director of TDCJ-CID under a theory of *respondeat superior* liability. The district court dismissed the complaint because *respondeat superior* is not a proper basis for liability in Section 1983 actions. The Fifth Circuit affirmed the dismissal, stating that

> Cain argues that, despite his unequivocal request to amend his complaint to dismiss all defendants except Cockrell, the magistrate judge erred in allowing him to do so. This argument is also frivolous. As Cain concedes, the Magistrate Judge is not required to act as Cain's advocate.

In the present case, Toney made an unequivocal request to amend his complaint to name the Texas Department of Criminal Justice, Correctional Institutions Division, as the sole defendant in his lawsuit. The Fifth Circuit has held that the plaintiff is master of his pleadings and may include in them whatever claims he wishes, subject to Rule 11, Fed. R. Civ. P. <u>Hernandez v. Spencer</u>, 780 F.2d 504, 506 (5th Cir. 1986). In this case, the claims which Toney presents to the Court are raised against an agency of the State of Texas and are therefore barred by the doctrine of sovereign immunity.

## Conclusion

28 U.S.C. §1915A requires that as soon as practicable, district courts must review complaints wherein prisoners seek redress from governmental entities or their employees. Section 1915A(b) requires that upon review, the court shall identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

The term "frivolous" means that a complaint lacks an arguable basis in law or fact; a complaint is legally frivolous when it is based upon an indisputably meritless legal theory. <u>Neitzke</u>

v. Williams, 490 U.S. 319, 325-7 (1989).  A complaint fails to state a claim upon which relief may be granted if as a matter of law, it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.  Neitzke v. Williams, 490 at 327, *citing* Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); *see also* Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995).

In this case, Toney's claims lack any arguable basis in law and fail to state a claim upon which relief may be granted in federal court because the sole named Defendant in the lawsuit is a state agency and thus is absolutely immune from suit.  For this reason, his claims may be dismissed with prejudice as frivolous.  *See generally* Thompson v. Patteson, 985 F.2d 202 (5th Cir. 1993). It is accordingly

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous because the sole named Defendant is absolutely immune from suit.  This dismissal relates solely to Toney's claims against the Texas Department of Criminal Justice, Correctional Institutions Division, and does not affect any claim which Toney may have against any individuals or entities not absolutely immune from suit.  It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

So **ORDERED** and **SIGNED** this **13** day of **September, 2005.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE